# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30270
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Brian Jones,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-35-8

_____

Before Haynes and Engelhardt, *Circuit Judges*, and Saldaña, *District Judge*.[*]

Kurt D. Engelhardt, *Circuit Judge*:

Without a plea agreement, Brian Jones pleaded guilty to, *inter alia*, carjacking resulting in serious bodily injury and discharging a firearm in furtherance of a crime of violence or a drug trafficking crime.[1] The district court

_____

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[1] Jones was charged in state court with attempted first-degree murder and armed robbery arising from the same conduct, which local prosecutors later dismissed.

sentenced him to 30 years in prison.  Now, Jones challenges the sufficiency of the factual basis to which he pleaded guilty and the reasonableness of his sentence.  We AFFIRM.

## I.  Factual and Procedural Background:

According to the factual basis, on October 30, 2017, Jones asked the carjacking victim to help him move from an apartment in Metairie, Louisiana to an apartment in the Hollygrove neighborhood of New Orleans.  The victim agreed and helped Jones load his belongings into the victim's mother's car (the "victim's car").  At some point that evening, the victim received a phone call from G.B., who had purchased heroin from Jones earlier that day.  That heroin, said G.B., was "fake or bad."  Because G.B. knew that the victim was helping Jones move, he asked the victim to stop by K.B.'s house with Jones.  K.B. had also received Jones's "fake or bad" heroin.  When the victim and Jones arrived at K.B.'s house, "G.B. approached Jones about Jones selling G.B. fake/bad heroin."  The factual basis does not provide any additional information regarding this confrontation.

Afterwards, Jones and the victim got back into the victim's car, where Jones "began to argue with [the victim] about G.B.'s conduct."  Jones then directed the victim to the Hollygrove neighborhood.  When they reached the intersection of Pear and Leonidas Streets, Jones told the victim to pull over.  Both exited the car.  As the victim opened the hatchback to unload Jones's belongings, he felt a strike to the back of his head and turned to see Jones holding a firearm.

The victim turned to run, heard several gunshots, and fell into a ditch.  Jones approached the victim, pressed the gun into his back, and fired the gun into his spine, paralyzing him.  He then put the gun to the victim's head and pulled the trigger, but no round fired.

Immediately after, Jones took the car keys out of the victim's pants pockets and told the victim, "Y'all pick[ed] the wrong day to f--k with me." He entered the victim's car and started it. Then he "purposely drove the vehicle over [the victim's] legs and torso." Next, Jones drove off in the victim's car, abandoned it, sprayed it with bleach, and attempted to burn it. Officers later found the victim face down near the intersection suffering from a gunshot wound to the back and other severe injuries. Surprisingly, the victim survived but was critically injured.

At rearraignment, Jones confirmed under oath that he understood the elements of the offenses and that he had reviewed and signed the written factual basis. He represented to the district court that the facts set forth in the factual basis were accurate and true and that he was pleading guilty to those facts. At sentencing, the district court pronounced an above-guidelines sentence of 360 months of imprisonment, followed by five years of supervised release. The imposed sentence exceeded the applicable Guideline range by approximately fifteen years.

Jones timely filed a notice of appeal.

## II. Standards of Review:

Regarding Jones's challenge to the sufficiency of the factual basis, the parties agree that because Jones did not object to the sufficiency of the factual basis at the district court, this Court's review is for plain error. *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019). To prevail under the plain error standard, Jones must show (1) an error (2) that is clear or obvious and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If Jones makes these showings, this Court has discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Regarding Jones's challenge to his 30-year sentence, "[t]his [C]ourt reviews sentencing decisions for reasonableness." *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017) (citations omitted). "Using a bifurcated review process, [this Court] first examine[s] whether the district court committed any significant procedural error." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the district court's decision is procedurally sound, [this Court] then consider[s] the substantive reasonableness of the sentence." *Id.* (citing *Gall*, 552 U.S. at 51). When considering the procedural unreasonableness of a sentence, this Court reviews the district court's interpretation and application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *Id.* (citing *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)). When considering the substantive reasonableness of a sentence, this Court applies the abuse-of-discretion standard. *Diehl*, 775 F.3d at 724 (citations omitted).

### III.  The factual basis is sufficient.

Jones pleaded guilty to carjacking in violation of 18 U.S.C. § 2119, which provides: "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported . . . in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so," shall, if serious bodily injury results, be imprisoned up to 25 years. § 2119. He also pleaded guilty to discharging a firearm in furtherance of a crime of violence or a drug trafficking crime in violation of 18 U.S.C. § 924(c). Despite his guilty plea and his acknowledgement of the elements of the offenses at his rearraignment, Jones argues that he did not have the requisite intent to be guilty of carjacking, therefore the factual basis for his guilty plea to that count is insufficient. The federal carjacking statute, says Jones, "requires specific intent to harm or kill a person *in connection with* taking the person's car." But Jones contends that he merely "attacked [the victim] for personal reasons *unrelated to his car* and, after the

assault, drove away from the scene." Accordingly, Jones argues that: (1) his actions do not constitute a federal carjacking, so his conviction must be vacated; and (2) because his § 924(c) conviction is "necessarily predicated on the purported carjacking," it must be vacated, too. We disagree.

"Before entering a judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). This "requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (emphasis in original). "A guilty plea does not waive the right of a defendant to appeal a district court's finding of a factual basis for the plea on the ground that the facts set forth in the record do not constitute a federal crime." *United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005).

In assessing factual sufficiency under the plain error standard, this Court is permitted to "look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *Ortiz*, 927 F.3d at 872-73 (internal quotation marks and citation omitted). The supporting facts may include "the factual findings relied upon in the [presentence report], as well as fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing." *Trejo*, 610 F.3d at 317 (internal quotation marks and citations omitted). "An error is plain, in this context, if it is clear or obvious what the government must prove to establish the offense, and, notwithstanding that clarity, the district court accept[ed] a defendant's guilty plea without an adequate factual basis." *United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013) (internal quotation marks and citation omitted).

Section 2119's intent requirement does not mandate that a defendant intend to kill or cause serious injury *in furtherance of* taking a vehicle.

No. 22-30270

According to the Supreme Court, "Congress intended to criminalize a broader scope of conduct than attempts to assault or kill in the course of automobile robberies." *Holloway*, 526 U.S. at 7. So, said the Court, "[t]he intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car)." *Id.* at 12. In other words, the statute applies whether the defendant "had an unconditional intent to kill or harm in all events" "even if not necessary to complete a carjacking," *id.* at 3, 8, or a conditional "intent to kill or harm if necessary to effect a carjacking," *id.* at 3.

Ignoring the statute's all-encompassing unconditional intent dictate, Jones contends that he did not have the requisite intent because "[t]here is no evidence that [his] force was 'used to get control of the car" or that, "'at the precise moment the car was taken,' Mr. Jones intended to kill or harm the victim 'if necessary to steal the car.'" Jones relies on this Court's decision in *United States v. Harris*, which held that there was insufficient evidence to support the defendant's § 2119 carjacking conviction.[2] 420 F.3d

---

[2] In addition, Jones relies on the Third Circuit's decision in *United States v. Applewhaite*, which held the defendant did not have the requisite intent to establish a § 2119 violation when he "bludgeon[ed]" the victim, got in the victim's car, and transported the victim's body away from the scene. 195 F.3d 679, 685-86 (3d Cir. 1999). There, the court concluded that the defendant's use of force "was employed in an attempt to harm [the victim;] [i]t was not used to take his van." *Id.* at 685. In other words, "the van was taken as an afterthought," said the court. *Id.* This Court in *Harris* referenced the Third Circuit's *Applewhaite* decision, but, contrary to Jones's interpretation, never adopted it. *See Harris*, 420 F.3d at 471-74. Nowhere has this Court held, or adopted the *Applewhaite* reasoning to hold, that evidence must prove that the defendant's intent to kill was not only contemporaneous with the taking of the car, but also conditional on that action being necessary to, or for the purpose of, the taking of the car. Such a holding would be inconsistent with the Supreme Court's mandates that the carjacking statute must be construed "to cover both the conditional and the unconditional species of wrongful

6

467, 469 (5th Cir. 2005). In that case, the defendant was hitchhiking and got into the victim's car. *Id.* The pair "rode around, talking in a friendly manner, drinking beer into the early morning hours" until, at some point, "they parked in a secluded area" and the victim began asking the defendant "suggestive questions." *Id.* After the victim forced the defendant to perform sex acts, the defendant grabbed the gun from the victim, shot and killed him outside of the car, and covered the body with mesquite brush on the side of the road. *Id.* at 468, 470. The defendant then found the victim's car keys and drove away in the victim's car. *Id.* at 470.

"[L]ook[ing] to the evidence in the light most favorable to the verdict," this Court "ask[ed] whether it and reasonable inferences from it demonstrate that, at the precise moment Harris took [the victim's] Mustang, Harris intended to cause death or serious bodily harm." *Id.* at 473 (citation omitted). Besides the defendant's own testimony, this Court observed that there was no evidence concerning: (1) "the precise circumstances surrounding the moment in which the defendant demanded or took control of the car"; (2) whether "the defendant threatened the victim at the moment he demanded or took control of the car"; and (3) "when and how the defendant came to be in the victim's car." *Id.* at 475. Concluding that "[t]he jury had no evidence upon which to determine whether [the defendant] possessed intent to kill or harm at the moment of the taking," this Court reversed the defendant's conviction. *Id.* at 474, 478.

---

intent." *Holloway*, 526 U.S. at 9. Other circuits agree. *See, e.g.*, *United States v. Felder*, 993 F.3d 57, 66 (2d Cir. 2021); *United States v. Washington*, 702 F.3d 886, 892 (6th Cir. 2012); *United States v. Castro-Davis*, 612 F.3d 53, 62 (1st Cir. 2010); *United States v. Perry*, 381 F. App'x 252, 254 (4th Cir. 2010). In any event, even if *Applewhaite* were applicable, it is distinguishable in that Jones's taking the car was not a mere "afterthought," but as a basis for his continued attacks.

*Harris* is distinguishable, and therefore not controlling. First, as a procedural matter, *Harris* concerned whether evidence presented to the jury was sufficient to sustain the carjacking conviction, *Harris*, 420 F.3d at 468. The instant case concerns a guilty plea. Second, as a factual matter, the *Harris* defendant shot and killed the victim and then drove away; Jones, on the other hand: (1) shot the victim in his spine; (2) pulled the trigger to shoot the victim in his head (but no bullet fired); (3) told the victim, "Y'all pick[ed] the wrong day to f--k with me"; (4) took his keys, entered the car, started it; and then (5) "purposely drove the vehicle over [the then-paralyzed victim's] legs and torso." Only after *that* did Jones, like the defendant in *Harris*, drive away.

Third, as an evidentiary matter, unlike in *Harris*, the factual basis establishes "the precise circumstances surrounding the moment in which the defendant demanded or took control of the car," *Harris*, 420 F.3d at 475; namely, that immediately before Jones entered the car, he shot at the victim multiple times as he ran away, shot him in the spine as he laid in a ditch, attempted to shoot the victim in the head (but no bullet fired), and threatened him. Then, immediately after Jones entered the car, he "purposely drove the vehicle" over the victim's paralyzed body. Moreover, unlike in *Harris*, there is sufficient evidence that "the defendant threatened the victim at the moment he demanded or took control of the car," namely, that, after Jones pointed the gun to the victim's head and pulled the trigger, he said, "Y'all pick[ed] the wrong day to f--k with me." *See id.* at 475. Further, unlike in *Harris*, there is sufficient evidence regarding "when and how the defendant came to be in the victim's car," namely, that the victim was helping Jones move, the victim brought Jones to a place where one of his heroin buyers confronted him about "fake or bad" heroin, and sometime after the victim and Jones got back into the car, the victim pulled over, helped unpack Jones's belongings, and then was violently attacked. *See id.* at 475. The differences

between *Harris* and the instant case on a procedural, factual, and evidentiary level vitiate Jones's argument that *Harris* controls.

Most importantly, the factual basis sufficiently establishes that, at the moment Jones took control of the car, Jones had intent to seriously harm or kill the victim. In his appellate briefing, Jones even admits that "the facts in this case clearly show that Mr. Jones intended to seriously harm or kill the victim." And, as Supreme Court precedent makes clear, "at the moment the defendant … t[akes] control over the driver's automobile[,] the defendant [need only] possess[] the intent to seriously harm or kill the driver … [even] if unnecessary to steal the car[.]" *Holloway*, 526 U.S. at 12. The strike to the head, multiple gunshots fired as the victim ran away from the defendant, shot to the spine as the victim lay in a ditch, attempted shot to the head, and threat detailed in the factual basis sufficiently establish the intent requirement: Jones "had an unconditional intent to kill or harm in all events" "even if not necessary to complete a carjacking." *See id.* at 3, 8. That intent is further underscored by the fact that Jones "purposely" ran over the victim's paralyzed body after he took control of the car. Accordingly, the factual basis is sufficient to establish a violation of the federal carjacking statute. There is no error, let alone one that is clear or obvious.

Jones also argues that "[b]ecause the record fails to establish a violation of the federal carjacking statute, there no longer is a valid 'crime of violence' predicate for his § 924(c) conviction." The factual basis, however, is sufficient to support his violation of the carjacking statute. "Every defendant who violates § 2119 necessarily violates § 924(c)." *Singleton*, 16 F.3d at 1423. So, Jones's challenge to the sufficiency of the factual basis with respect to the § 924(c) violation fails. *See Frye*, 489 F.3d at 208-09.

No. 22-30270

## IV. The sentence is reasonable.

Jones argues that his 30-year sentence, which varied upward from the applicable Guidelines range by approximately 15 years, "must be vacated because the district court's sentencing determination was wholly detached from the U.S. Sentencing Guidelines, making it both procedurally and substantively unreasonable." Under our bifurcated-review process, Jones's sentence is reasonable.

### A.

First, procedural reasonableness. Jones argues that his sentence is procedurally unreasonable for two reasons. First, the district court failed to "consider all of the § 3553(a) factors." Second, it failed to "adequately explain its significant upward variance." His arguments lack merit.

If the district court committed a significant procedural error, this Court must remand unless the error was harmless. *Nguyen*, 854 F.3d at 280 (citing *United States v. Delgado–Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009)). Significant procedural errors include:

> (1) failing to calculate (or improperly calculating) the applicable Guidelines range; (2) treating the Guidelines as mandatory; (3) failing to consider the 18 U.S.C. § 3553(a) factors;[3] (4) determining a sentence based on clearly erroneous facts; or (5) failing to adequately explain the chosen sentence, including an explanation for any deviation from the Guidelines range.

---

[3] These include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, deter criminal conduct, protect the public, and provide the defendant with correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range established for the applicable category of offense; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

*United States v. Diehl*, 775 F.3d 714, 722-23 (5th Cir. 2015) (citing *United States v. Scott,* 654 F.3d 552, 555 (5th Cir. 2011)); *see also Gall*, 552 U.S. at 51. When, as here, a district court "elects to give a non-Guideline sentence, [it] should carefully articulate the reasons [it] concludes that the sentence [it] has selected is appropriate for that defendant" in order "to permit this [C]ourt to review the sentence for reasonableness." *Mares*, 402 F.3d at 519. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Contrary to Jones's position, the sentencing court "need not engage in 'robotic incantations that each statutory factor has been considered.'" *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (quoting *United States v. Lamoreaux,* 422 F.3d 750, 756 (8th Cir. 2005)) (citations omitted). The court thoroughly and adequately articulated several § 3553(a) factors, stating that the imposed sentence was necessary "in view of the history and characteristics of the defendant and the extreme violent nature of this offense," *see* § 3553(a)(1), and that the sentence "reflect[ed] the seriousness of the offense," "promote[d] respect for the law," "provide[d] just punishment for the offense," "afford[ed] adequate deterrence to criminal conduct," and "protect[ed] the public from further crimes of the defendant." *See* § 3553(a)(2)(A)-(C). Jones's disagreement with the district court's weighing of the § 3553(a) factors is not a sufficient ground for reversal. *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016) (citations omitted); *see also United States v. Aldawsari*, 740 F.3d 1015, 1021-22 (5th Cir. 2014) ("Appellant cites no cases that would require this court 'to reweigh the section 3553(a) sentencing factors' in Appellant's favor.") (citation omitted).

Moreover, the sentencing court sufficiently explained its reasons for imposing an above-the-Guidelines sentence. A review of the sentencing-proceeding transcript reveals the district court's thorough consideration of several of the § 3553(a) factors, the victim's own statement of impact in court, and "the extreme violent nature of this offense." Said the court: "As I read the factual basis, it was as violent as anything I have seen and shocking. The Court believes that the extreme violent nature of this offense is not properly accounted for in the guidelines. There is no doubt that Mr. Jones intended to kill his victim." The court also expressly addressed the parties' arguments and Jones's motion for a downward variance or departure and "read clearly what [defense counsel] presented to the Court in an attempt to provide context to [the offenses]." Yet, explained the court, "[i]t was the violence," the § 3553(a) factors, and the history and characteristics of the defendant that warranted an upward variance.

Further, in its statement of reasons, the court explained that the upward variance was based on: (1) "extreme conduct"; (2) "victim impact"; (3) "extreme violence"; (4) "attempted murder not addressed in [G]uideline cross reference"; and that the sentence (5) reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense; (6) afforded adequate deterrence to criminal conduct; and (7) protected the public from further crimes of the defendant. The court's identification of over a half dozen reasons for the upward variance at the sentencing hearing and in its statement of reasons is more than adequate. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) ("The district court must adequately explain the sentence 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'") (citation omitted). Accordingly, because the district court articulated the fact-specific reasons in support of a non-Guidelines sentence, committed no legal error in the procedure followed in arriving at the sentence, and gave appropriate

No. 22-30270

reasons for its imposition, the sentencing court is owed "great deference." *Mares*, 402 F.3d at 519-20. Jones has not shown that his sentence is procedurally unreasonable.

## B.

Second, substantive reasonableness. Jones argues that his 30-year sentence is substantively unreasonable for two reasons.[4] First, the district court did not "give significant weight to his applicable Guidelines range," "to the fact that Mr. Jones received a specific Guidelines enhancement to account for the severe, permanent injury to [the victim]," or to "significant mitigating circumstances." Second, the district court erred when it assessed the attempted murder Guideline range in connection with his charged crimes. Neither argument has merit.

"To determine whether a sentence is substantively reasonable, a district court should consider 'the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Hudgens*, 4 F.4th 352, 358 (5th Cir. 2021) (quoting *Gall*, 552 U.S. at 51). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors [set forth in § 3553(a)] where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708. That this Court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Gall*, 552 U.S. at 51. Ultimately, this Court's "review for substantive reasonableness is 'highly deferential,'

---

[4] Jones adds that the sentence is substantively unreasonable "[f]or similar reasons to those discussed [in the procedurally unreasonable section]." For the reasons set forth in the previous section, his argument fails.

because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *Diehl*, 775 F.3d at 724 (quoting *United States v. Hernandez,* 633 F.3d 370, 375 (5th Cir. 2011)). "Even a significant variance from the Guidelines does not constitute an abuse of discretion if it is 'commensurate with the individualized, case-specific reasons provided by the district court.'" *Id.* (quoting *United States v. McElwee,* 646 F.3d 328, 338 (5th Cir. 2011)).

At sentencing, the district court stated that it conducted "an independent assessment and review[ed] the facts and ma[d]e a determination based on what [it] ha[d] seen the facts to be." "This individualized assessment 'necessarily means that the sentencing court is free to conclude that the applicable [G]uidelines range gives too much or too little weight to one or more factors, either as applied in a particular case or as a matter of policy.'" *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (quoting *United States v. Williams,* 517 F.3d 801, 809 (5th Cir. 2008)). The court plainly explained that it had assessed the applicable Guidelines range, but that "the extreme violent nature of this offense [wa]s not properly accounted for in the[G]uidelines" and, thus, warranted an upward variance.

The court concluded that such a variance was necessary even considering the special sentencing enhancement that accounted for the severe, permanent injury to the victim. The presentence report recommended a total offense level of 25, which included the special sentencing enhancement. Neither party objected to it. The court adopted the report's conclusions, including its application of the special sentencing enhancement, as its own. Still, after "consult[ing] the [G]uidelines," which necessarily incorporated the special sentencing enhancement, the court found it necessary to impose an upward variance "in view of the history and characteristics of the defendant and the extreme violent nature of this offense." In addition, the court necessarily considered proffered significant mitigating circumstances in coming to

its decision, yet even those could not counterbalance the need for an upward variance. It "read clearly" defense counsel's "attempt to provide context to [the offenses]," like the memorandum in support of motion for a variance or downward departure, it adopted the presentence report, which included various facts about Jones's personal and family data, mental and emotional health, among other things, and it holistically considered the "history and characteristics of the defendant" to impose a just sentence. These facts were implicitly incorporated into the court's weighing of the § 3553(a) factors. *See* § 3553(a)(1).

Moreover, the court was well within its discretion to consider the attempted-murder Guidelines when sentencing Jones. In its statement of reasons, the district court provided that one reason for a variance was "extreme violence/attempted murder not addressed in [G]uideline cross reference." A sentencing court may vary from the Guidelines based solely on its disagreements therewith "if the court feels that the guidelines sentence fails properly to reflect § 3553(a) considerations." *Campos-Maldonado*, 531 F.3d at 339 (citations omitted). The district court was free to disagree with the applicable Guideline range and imposed a sentence that, in its view, properly reflected the § 3553(a) considerations. Considering the extremely violent nature of the offense, and the massive harm caused by it, the court did not abuse its discretion in considering the attempted-murder Guidelines.

Against this backdrop, Jones has not shown that the court's analysis failed to take into account a factor that should have received significant weight, gave weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the sentencing factors and other relevant considerations. *See McElwee*, 646 F.3d at 344-45; *see also Gall*, 552 U.S. at 51-52 (2007) ("The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court.") (citation omitted). Applying a highly

No. 22-30270

deferential standard of review to the district court's consideration of the totality of the circumstances, as required, the court's upward-variance sentence was substantively reasonable.[5]

## V.

The factual basis supports Jones's guilty plea and the district court's imposition of an upward variance was neither procedurally nor substantively unreasonable.  Accordingly, we AFFIRM Jones's conviction and sentence in all respects.

---

[5] This Court has affirmed much greater variances. *See, e.g.*, *United States v. Key,* 599 F.3d 469, 475-76 (5th Cir. 2010) (upholding sentence of 216 months where Guidelines maximum was 57 months); *United States v. Smith,* 417 F.3d 483, 492 (5th Cir. 2005) (upholding sentence of 120 months where Guidelines maximum was 41 months); *United States v. Saldana,* 427 F.3d 298, 312-13 (5th Cir. 2005) (upholding sentence four times the Guidelines maximum despite "misgivings about the length of th[e] sentence").  The district court's reliance on significant factors not accounted for by Jones's Guideline range, *see Smith*, 440 F.3d at 709, was not an abuse of discretion.