# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-30311
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Xavier Duhon,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-68-1

————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Xavier Duhon pleaded guilty to possession of machine guns, in violation of 18 U.S.C. §§ 922(o), 924(a)(2), after shooting them at another vehicle and leading police on a chase. The district court sentenced him to 87 months of imprisonment followed by three years of supervised release. Duhon challenges the substantive reasonableness of his sentence. We affirm.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30311

I

A

While driving an Infiniti SUV, Duhon collided with a pickup truck near the Crescent City Connection Bridge's entrance in New Orleans. Once on the bridge, Duhon attempted to get the pickup truck driver's attention by brandishing and then firing a firearm, striking the truck twice. The pickup truck driver and bystanders called the police, who tried to intercept Duhon on the other side of the bridge.

A chase ensued. Evading police, Duhon struck another vehicle and then abandoned his vehicle in motion, which rolled driverless into traffic before stopping against a curb on Calliope Street. Duhon then ran down Magazine Street and entered a condo building under construction. He ditched his firearms' large-capacity magazines on the roof, jumped down to the street, and hid two guns under a parked vehicle. Police apprehended Duhon on the 900 block of Magazine Street, about a third of a mile from the Fifth Circuit's courthouse.

Law enforcement officers recovered the large-capacity magazines, live ammunition, and both firearms, which were equipped with machine gun conversion devices. Duhon admitted in his factual basis that he knew both firearms were machine guns, that he intended to possess both firearms, and that the large-capacity magazines were attached to the firearms before he ditched them.

B

Fast forward to sentencing. After sustaining an objection from Duhon, the district court set Duhon's total offense level at 19. It applied U.S.S.G. § 2K2.1, the guideline for the offense of conviction, because application of a cross-reference to § 2A2.2 for aggravated assault would have resulted in a

base offense level lower than that of the crime of conviction. *See* § 2K2.1(c)(1)(A). That total offense level corresponded to a guidelines range of 30 months to 37 months of imprisonment. The statutory maximum was 120 months.

Duhon moved for a downward variance and alternatively requested a sentence at the lower end of the applicable guidelines range. Duhon presented mitigating circumstances, including his status as a first-time offender, his difficult childhood, his excellent role as a father, and that he was previously a gunshot victim. He also submitted letters in support of leniency from his girlfriend and brother, and spoke at sentencing.

The district court denied Duhon's motion. It found that a downward variance or lower-end sentence would be insufficient in light of 18 U.S.C. § 3553(a)'s sentencing factors. The district court sentenced Duhon to an above-guidelines but below-maximum sentence: 87 months of imprisonment, followed by three years of supervised release. The district court discussed its consideration of the § 3553(a) factors, noting Duhon's "reckless disregard for the lives of the many innocent people around him" exhibited by his discharging the machine gun while driving on a busy roadway, abandoning his SUV in motion, and leading law enforcement on a rooftop chase. ROA.163. Because of those facts, despite Duhon's lack of prior criminal history, the district court found that the guidelines range failed to adequately reflect the seriousness of Duhon's offense, protect the public from further crimes he may commit, provide just punishment, promote respect for the law, or afford adequate deterrence.

II

Duhon argues that the sentence was greater than necessary to satisfy the 18 U.S.C. § 3553(a) sentencing factors because too much weight was given to the nature of his offense and not enough weight was given to his

mitigating circumstances—namely his lack of prior criminal history, cooperation and acceptance of responsibility, turbulent childhood, previous experience as a gunshot victim, positive role in his family and in society until this offense, and lack of an intent to injure anyone.

This court reviews preserved challenges to the substantive reasonableness of a sentence for abuse of discretion. *Holguin-Hernandez v. United States*, 589 U.S. 169, 173 (2020). This review "is highly deferential" to the sentencing court because it "is in a better position to find facts and judge their import under the § 3553(a) factors." *United States v. Hill*, 80 F.4th 595, 606 (5th Cir. 2023) (quotation omitted), *cert. denied*, 144 S. Ct. 1130 (2024). The conclusion "that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Sanches*, 86 F.4th 680, 688 (5th Cir. 2023) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "Even a significant variance from the Guidelines does not constitute an abuse of discretion if it is commensurate with the individualized, case-specific reasons provided by the district court." *United States v. Jones*, 75 F.4th 502, 513 (5th Cir.) (quotation omitted), *cert. denied*, 144 S. Ct. 515 (2023); *see also id.* at 513 n.5 (collecting Fifth Circuit cases affirming much greater upward variances than at issue here).

Duhon has not established that the district court abused its discretion. He has failed to demonstrate that the sentence (1) does not account for a sentencing factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper sentencing factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *See Hill*, 80 F.4th at 606. Duhon points to no unaccounted-for sentencing factor or any improperly considered factors.

On the contrary, the district court properly considered the § 3553(a) factors. It considered with particularity Duhon's personal characteristics and

background and the circumstances of his offense. Despite Duhon's contrary assertions, the district court explicitly considered his mitigating circumstances, including his first-time offender status, his previous experience as a gunshot victim, his excellent role in his family, and the letters submitted in support of leniency by his girlfriend and brother.[1]

Furthermore, the magnitude of the upward variance was within reasonable bounds. It fell within the statutory maximum. *See, e.g.*, *United States v. Hudgens*, 4 F.4th 352, 359 (5th Cir. 2021). And it was less than 2.5 times higher than the top of the guideline range. *See, e.g.*, *United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011) (affirming a 36-month sentence that was six times as long as the top of the guidelines range); *United States v. Hebert*, 813 F.3d 551, 562 (5th Cir. 2015) (affirming a 92-year sentence where the top of the guidelines range was six to seven years).

Duhon may disagree with the district court's balancing of the sentencing factors. But that does not constitute a "clear error of judgment," and we will not substitute our own discretion for that of the district court. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

\*     \*     \*

AFFIRMED.

---

[1] The district court adopted the facts in the PSR and allowed Duhon to speak at his sentencing hearing. It did not need to "acknowledge" additional mitigating circumstances therein. We presume that the district court implicitly considered all the information before it when weighing the sentencing factors. *See, e.g.*, *Jones*, 75 F.4th at 513.