# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2025

Lyle W. Cayce
Clerk

No. 23-40623

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TOMAS GERARDO MORALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:22-CR-1510-1

Before ELROD, *Chief Judge*, ENGELHARDT, *Circuit Judge*, and GUIDRY, *District Judge*.[*]

PER CURIAM:[**]

The district court accepted Tomas Morales's plea agreement with the government. It sentenced him within the applicable Sentencing Guidelines ("Guidelines") range. Morales appeals the district court's judgment and sentence. We AFFIRM.

---

[*] United States District Judge for the Eastern District of Louisiana, sitting by designation.

[**] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-40623

## I.

Police stopped Tomas Morales's car in Laredo, Texas, because they suspected he was engaging in a drug deal. Located in the car was a metal pipe for crack cocaine, a rocky substance the officers suspected was crack cocaine, two syringes, and approximately six-hundred dollars. In the car, too, was an AR-15-style long rifle, which the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") later determined was a privately manufactured AR-type short-barreled rifle.[1] The rifle had no serial number. Morales was not registered in the National Firearms Registration and Transfer Record and was therefore prohibited from possessing a short barrel firearm.

After Morales's arrest, federal agents took custody of him. Morales waived his rights. He then made several admissions. First, he admitted that he was a convicted felon and a long-time addict of controlled substances. He served two years in prison for burglary. Next, he admitted that he possessed cocaine and the firearm at his arrest. Additionally, Morales told federal officers he purchased the firearm "for about $450 from another drug addict on the street."

A grand jury indicted Morales on four firearm possession counts: (1) possessing a firearm made in violation of the National Firearms Act ("NFA"), 26 U.S.C. §§ 5822, 5861(c), and 5871, (2) possessing an unregistered firearm, 26 U.S.C. §§ 5841, 5861(d), and 5871, (3) possessing a firearm not identified by a serial number, 26 U.S.C. §§ 5861(i) and 5871, and (4) possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

---

[1] The barrel measured 8 ¾ inches long. Firearms subject to regulation under the National Firearms Act include "a rifle having a barrel . . . of less than 16 inches in length." 26 U.S.C. § 5845(a).

2

No. 23-40623

Morales entered an agreement with the United States to plead guilty to Count One. In that plea agreement, he admitted that he "knowingly possessed a firearm, that is, a privately made AR-style rifle in 5.56 mm, with a barrel of less than 16 inches, without serial numbers and industry markings, in violation of Title 26, United States Code, Sections 5822, 5861(c), and 5871." In exchange, the United States agreed to dismiss the remaining three counts in the indictment and recommend that, if certain conditions were met, Morales's offense level be decreased for timely acceptance of responsibility. U.S.S.G. § 3E1.1(b). Morales also agreed to waive his right to an appeal.

Morales entered his guilty plea before a magistrate judge.[2] He agreed to the government's recitation of the facts, set forth above. He unequivocally stated that he did not have "any disagreements" with those facts. To be sure, the judge orally confirmed with Morales that he knew he possessed a firearm that (1) was privately made, (2) was a short barrel rifle under 16 inches, and (3) lacked any serial number or industry markings. After doing so, the judge determined there was a sufficient factual basis to support a guilty plea. The judge recommended that the district court find Morales guilty.

The presentencing report ("PSR") noted that federal law prohibited Morales from possessing a "firearm" as defined by 26 U.S.C. § 5845(a). The probation officer placed Morales's Guidelines imprisonment range, which considered his criminal history, at 77 to 96 months. Neither Morales nor the United States objected to the PSR.

At the sentencing hearing, Morales told the court that he accepted responsibility for his actions. He explained that he suffered from drug addiction which led to "frequent encounters with the law" and "a lot of

_____

[2] Insofar as the plea, the defendant waived his right to appear before the district court and agreed to appear before a magistrate judge for the taking of his felony guilty plea.

criminal behavior." The district court accepted the PSR and the magistrate judge's report and recommendation. It sentenced Morales to a within-Guidelines sentence of 90-months imprisonment and three years' supervised release. And the court ordered Morales to forfeit the short-barreled firearm. Morales did not object to the sentence.

Now, Morales timely appeals his conviction and sentence. He argues that the district court plainly erred in accepting his guilty plea because there was an insufficient factual basis to support a violation of 26 U.S.C. §§ 5822, 5861(c), and 5871. His counsel moved, in line with *Anders v. California*, 386 U.S. 738 (1967), to withdraw from the case asserting that all possible issues for appeal were frivolous. The *Anders* brief explained that Morales agreed to waive the possibility of an appeal and there was no violation of Rule 11 of the Federal Rules of Criminal Procedure. This court, nonetheless, denied that motion. That order identified two nonfrivolous issues for appeal: (1) "[w]hether a conviction under 26 U.S.C. §§ 5822, 5861(c), and 5871 requires proof that the defendant knew that the firearm was not made in compliance with the requirements of § 5822" or "proof that the firearm was made in the United States," and (2) "[w]hether the factual basis for Morales's guilty plea was plainly insufficient in this respect."

## II.

When a criminal defendant objects to his plea agreement under Rule 11 for the first time on appeal, we review for plain error. FED. R. CRIM. P. 11(b)(3); *United States v. Vonn*, 535 U.S. 55, 61–62 (2002). Here, Morales complains of an insufficient factual basis to support his guilty plea. *See* FED. R. CRIM. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court

No. 23-40623

must determine that there is a factual basis for the plea."); *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).[3]

Plain error requires that "(1) there was an error, (2) that was clear or obvious, (3) that affected [Morales's] substantial rights, and (4) that we should exercise our discretion to remedy the error because it seriously affects the fairness, integrity or public reputation of judicial proceedings" generally. *Garcia-Ascanio v. Spring Indep. Sch. Dist.*, 74 F.4th 305, 309 (5th Cir. 2023) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted)).

When assessing factual sufficiency for plain error, this court evaluates the entire record to determine whether sufficient facts exist to uphold a conviction. *United States v. Jones*, 75 F.4th 502, 508 (5th Cir. 2023). Those facts may include facts from the plea agreement, plea colloquy, "factual findings relied upon in the [PSR]," and "fairly drawn inferences" from the evidence presented post-plea and at the sentencing hearing. *United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010) (internal quotation marks omitted).

## III.

Morales made a deal with the government and was convicted based on an ample record. He now argues, for the first time on appeal, that the district court plainly erred because there was an insufficient factual basis to find that (1) the firearm he possessed was made in violation of 26 U.S.C. § 5822, (2) he knew the firearm was made in violation of § 5822, and (3) the firearm was made in the United States. *See* Fed. R. Crim. P. 11(b)(3). We address each

---

[3] A defendant "may challenge the factual basis underlying his guilty plea notwithstanding his . . . appeal waiver." *United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013); *United States v. Trejo*, 610 F.3d 308, 312 (5th Cir. 2010). So, the government does not seek to enforce the waiver.

5

purported error in turn. But because none is clear or obvious, we see no basis to vacate the deal he struck.

## A.

Morales contends that there is insufficient evidence that the firearm he possessed was made in violation of § 5822 because the record is silent as to whether the maker of the firearm requested or received permission from the Attorney General before making it and whether he paid the requisite tax. 26 U.S.C. §§ 5822, 5861(c). While it is true that the record lacks this evidence, Morales made several admissions which *might* support the inference that the firearm he possessed was not made in compliance with § 5822. Notably, he admitted that the firearm was privately manufactured and not made in a factory, there were no industry markings on the firearm, he bought the firearm off the street from another drug addict, and the firearm did not have a serial number. Without clear guidance from our case law as to whether this circumstantial evidence satisfies the statute, the factual basis to support the conviction on this ground is subject to "reasonable dispute." *United States v. Broussard*, 669 F.3d 537, 550 (5th Cir. 2012). "By definition, that is not plain error." *Id.* (citation omitted).

## B.

Morales further argues that there were insufficient facts to show he *knew* the firearm he possessed was made in violation of § 5822. Not so. The law simply requires that Morales "know of the features that make his weapon a statutory 'firearm.'" *Staples v. United States*, 511 U.S. 600, 609 (1994). In other words, Morales must know that the "firearm" he possessed was a rifle equipped with a "barrel[] of less than 16 inches in length." 26 U.S.C. § 5845(a)(3). Morales admitted that he understood that the "firearm" was "privately made and less than 16 inches, without serial numbers, or industry

markings." Morales had the *mens rea* required to be convicted for possessing a firearm "made" in violation of the NFA. *See* 26 U.S.C. §§ 5822, 5861(c).

To the extent that Morales argues that he must also have knowledge that the firearm was improperly "made," Supreme Court precedent as to related provisions suggests he is incorrect. *Staples*, 511 U.S. at 609 (Section 5861(d) "does not require proof of knowledge that a firearm is *unregistered*."); *United States v. Freed*, 401 U.S. 601, 607 (1971) ("The Act requires no specific intent or knowledge that the hand grenades were unregistered."). But even if this were not the case, any error as to this issue would not be "clear or obvious." We have not previously clarified whether the holdings of *Freed* and *Staples*, which evaluated § 5861(d), extend—or not—to § 5861(c). On plain error review, "if a defendant's theory requires the extension of precedent, any potential error could not have been 'plain.'" *United States v. Guzman*, 739 F.3d 241, 246 n.8 (5th Cir. 2014) (quoting *United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005)).

## C.

Morales next argues that the government failed to prove that the firearm he possessed was made in the United States. Because other NFA provisions expressly reach foreign-made devices, and § 5822 does not, Morales contends that § 5822 only applies to devices made in the United States. Amendments to the NFA suggest that the making of the firearm in the United States is no longer an express statutory requirement,[4] but this

---

[4] A prior version of the NFA explicitly provided that a tax must be "paid upon the making in the United States of any firearm." *See United States v. Goodson*, 439 F.2d 1056, 1057 n.1 (5th Cir. 1971). The current version omits this requirement, and our unpublished case law confirms that making a firearm in the United States is not an element of the offense. *See United States v. Aikens*, No. 23-30196, 2024 WL 4973302, at *2 (5th Cir. Dec. 4, 2024) (holding that whether a destructive device is made in the United States is not an element of making or possessing a destructive device under Sections 5861(c) and 5861(f)).

No. 23-40623

court has not previously addressed in a precedential opinion whether the statute applies exclusively to firearms made in the United States. Without that precedent, there can be no plain error. *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) ("Any error is not plain if this circuit's law remains unsettled." (quotation omitted)).

## IV.

Because we find no clear or obvious error, we AFFIRM.

Kurt D. Engelhardt, *Circuit Judge*, concurring.

I write separately to address the third and fourth prongs of the plain error analysis.

Even assuming any of the purported errors Morales identified have merit, they would not affect his substantial rights, "which in the ordinary case means [the appellant] must demonstrate that [the error] 'affected the outcome of the district court proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Morales knowingly and willingly chose to agree to a plea deal that was favorable to him: the United States dropped three of four counts that the record clearly supported, and also recommended that Morales's offense level be decreased for timely acceptance of responsibility. The district court accepted that plea. To establish that Morales's substantive rights were affected, Morales must show that he was "prepared and willing to go to trial" on all four counts. *United States v. Freeman*, No. 22-10547, 2024 WL 4551544, at *5 (5th Cir. Oct. 23, 2024). Morales never argued, nor is there anything in the record, suggesting that to be the case.

I agree with this court's *Freeman* decision and consider it illustrative here. The defendant in *Freeman*, like Morales, was charged with four counts in the indictment and accepted a plea deal where he pled guilty to one count and the United States dismissed the remaining counts. *Id.* at *1. This court held that "assuming without deciding that [the defendant] is able to show clear or obvious error," the defendant did not meet "his burden of showing that but for the error he would not have entered the plea." *Id.* at *5. Morales, like the defendant in *Freeman*, conclusively states that "there is a reasonable probability that, but for the error, he would not have entered the plea." But like in *Freeman*, that is not enough. Morales "must *show* a reasonable

probability that, but for [the allegedly insufficient factual basis], he would not have entered the plea." *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006) (emphasis added) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

This court should not presume that plea deals are bad deals. I would not presume that a defendant would rather go to trial on four counts, without a recommendation for acceptance of responsibility, and expose himself to a higher potential Guidelines range and maximum sentence[1] than accept a plea deal leaving him with one count. Such a presumption belies the purpose of plea deals and invites gamesmanship. That is why we require a defendant, when appealing a plea deal, to clearly demonstrate a reasonable probability that, but for the alleged errors, he would not have entered a plea. *See United States v. Alvarado-Casas*, 715 F.3d 945, 954–55 (5th Cir. 2013) (A defendant must "point to record evidence" showing "he was prepared and willing to go to trial" and that "even if [the defendant] were prepared to go to trial, it is not reasonably probable that he would have declined the plea deal and exposed himself to a higher potential Guidelines range and maximum sentence.").

For this court to find plain error when reviewing the factual basis underlying a guilty plea, I believe the defendant should be required to affirmatively state that (1) he would not have pleaded guilty had he known about the error, (2) he disavows the plea deal that he agreed to, and (3) absent

---

[1] Not only would Morales not receive credit for acceptance of responsibility, he also would run the risk, if convicted on more than one count, of consecutive sentences or more burdensome supervised release conditions. *See United States v. Saldana*, 427 F.3d 298, 309 n.41 (5th Cir. 2005) ("After it considers the factors listed under 18 U.S.C. § 3553(a), a district court has discretion under 18 U.S.C. § 3584 to depart upwardly by running sentences consecutively, even when U.S.S.G. § 5G1.2 would otherwise mandate that the sentences run concurrently.").

the plea deal, he is willing to go to trial on all the charges brought against him. Absent this, the defendant fails to show that any error affected his substantial rights. *See United States v. Ogba*, 526 F.3d 214, 237 (5th Cir. 2008) ("A defendant's substantial rights are affected if the error affected the outcome of the trial court proceedings." (quotation omitted)).

Finally, the fourth factor of plain error review. Morales failed to meet that, too. Based on the above, Morales failed to show that upholding his plea deal would cast a pall on not just his judicial proceeding, but "judicial *proceedings*" generally. *Puckett*, 556 U.S. at 143 (emphasis added).