# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-30059
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Brandon James Willridge,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:24-CR-176-1

———————————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Brandon James Willridge appeals the 84-month sentence imposed following his guilty plea conviction for possession of a firearm in furtherance of a drug trafficking crime. Willridge contends that his upward-variant sentence is substantively unreasonable and that the district court failed to account for mitigating factors that should have received significant weight,

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

gave significant weight to improper factors, and made a clear error of judgment when balancing the 18 U.S.C. § 3553(a) sentencing factors.

The record in this case indicates the district court considered the guidelines sentence of 60 months, adopted the presentence report, and considered the sentencing memoranda submitted by the parties, Willridge's arguments in mitigation at sentencing, and the § 3553(a) factors. It then chose to vary upwardly primarily in light of Willridge's criminal history and the dangerous nature of the offense, which was within its discretion to do. *See United States v. Jones*, 75 F.4th 502, 513 (5th Cir. 2023); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). He has not shown that the extent of the variance was unreasonable. *See Lopez-Velasquez*, 526 F.3d at 804, 805, 807.

Willridge has not demonstrated that the district court failed to account for a factor that warranted significant weight, that it gave undue weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Thus, he has not shown that the sentence was substantively unreasonable.

AFFIRMED.