# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2025

Lyle W. Cayce
Clerk

————————

No. 25-60217
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT PEARSON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CR-132-1

———————————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Robert Pearson pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 & 1349. The district court imposed a sentence of 110 months of incarceration, varying upwards from the Sentencing Guidelines recommendation of 78–97 months. Pearson objected

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

to the district court's sentence and filed a timely appeal arguing that his sentence is substantively unreasonable.

We review preserved challenges to the substantive reasonableness of a sentence for an abuse of discretion. *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Jones*, 75 F.4th 502, 512 (5th Cir. 2023) (internal quotation marks, brackets, and citation omitted). Review of a district court's consideration of the § 3553(a) factors is "highly deferential," and this court will not reweigh those factors due to a defendant's disagreement with them. *United States v. Aldawsari*, 740 F.3d 1015, 1021–22 (5th Cir. 2014).

Pearson argues that the district court weighed too heavily certain aggravating factors that were already factored into the advisory guidelines range. But a sentencing court "is free to give more or less weight to factors already accounted for in that advisory range." *United States v. Douglas*, 569 F.3d 523, 528 (5th Cir. 2009). Further, the district court here explained at length its reasons for an upward variance, as Pearson acknowledges, including the both the mitigating and aggravating factors Pearson mentions. Ultimately, Pearson's argument merely asks this court to reweigh the factors expressly considered by the district court. But that is not a basis for reversal. *See Aldawsari*, 740 F.3d at 1021–22.

The judgment is AFFIRMED.