# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2025

Lyle W. Cayce
Clerk

No. 24-30473
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Clarence Santiago,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-31-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Clarence Santiago appeals the 280-month sentence imposed on remand for resentencing for his guilty plea conviction for conspiracy to possess firearms in furtherance of a drug trafficking crime; using, carrying, brandishing, and discharging firearms during and in relation to a drug trafficking crime; conspiracy to possess with intent to distribute a quantity of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

marijuana; and maintaining a drug-involved premises. Santiago and his coconspirators were selling marijuana from a hotel room. When some buyers returned to rob them, a shootout began, leaving three of the people involved wounded. Santiago challenges the procedural and substantive reasonableness of his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

First, he argues that the district court relied on clearly erroneous facts when it determined (1) he and his codefendant, Brian Jacob, did not have similar roles, and his relative culpability; and (2) Santiago and his codefendants were equally responsible for the events as the armed robbers. Because Santiago requested a sentence at the bottom of the guidelines range and objected to the imposition of his sentence on similar grounds, his claims were preserved for appeal. *See United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014).

The district court did not rely on clearly erroneous facts when it determined that he and Jacob were not similarly situated. *See United States v. Fernandez*, 770 F.3d 340, 342-43 (5th Cir. 2014). Because Santiago and Jacob pleaded guilty to different offenses, the district court did not clearly err in finding that they were not similarly situated. *See United States v. Rider*, 94 F.4th 445, 461-62 (5th Cir. 2024); *see also United States v. Gasper-Felipe*, 4 F.4th 330, 344 (5th Cir. 2021). Further, Santiago has not demonstrated that that the district court based his sentence in part on the Government's allegedly incorrect statement that Jacob was younger. Further, as discussed above, the district court did not clearly err in finding that Santiago was not similarly situated to Jacob. *See Rider*, 94 F.4th at 461-62; *see also Gasper-Felipe*, 4 F.4th at 344. Although the robbers instigated the violence, the district court found that Santiago and his coconspirators were also responsible for the violence because they decided to use the hotel for drug trafficking and amassed a large number of firearms to guard the drugs. The

district court's finding that the violence was reasonably foreseeable was not clearly erroneous. *See Fernandez*, 770 F.3d at 342-43. Therefore, Santiago has not shown that the district court clearly erred in assessing his relative culpability compared to the robbers. *See Robinson*, 741 F.3d at 598.

Next, Santiago argues that the district court (1) failed to adequately explain the specific individualized reasons for finding that the 18 U.S.C. § 3553(a) sentencing factors supported an upward variance; (2) failed to respond to his argument that he should not impose an upward variance of more than 180 months of imprisonment; and (3) did not address his specific mitigating arguments. Because he raised these arguments in the district court, he preserved them for appeal. *See Robinson*, 741 F.3d at 598. However, Santiago has not shown that the district court erred by not separately addressing his mitigating arguments before it imposed the sentence. *See United States v. Becerril-Pena*, 714 F.3d 347, 351-52 (5th Cir. 2013). The explanation provided by the district court was fact specific, consistent with the § 3553(a) factors, and allowed for meaningful appellate review. *See United States v. Jones*, 75 F.4th 502, 511-12 (5th Cir. 2023); *see also United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

Santiago further asserts that the sentence was substantively unreasonable for numerous reasons. He preserved his arguments in the district court. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 174-75 (2020).

He first argues that the district court gave significant weight to improper factors, including the original guidelines range, the shooting, and the sentences of his codefendant, Malik Fernandez, and the robbers, who were not similarly situated. The record reflects that the probation officer correctly recalculated the guidelines range without the cross-reference to attempted first-degree murder on remand, and the district court adopted the

revised presentence report (PSR). There is no indication that the district court based the sentence on the original guidelines range. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). In addition, Santiago fails to show that the district court gave significant weight to improper factors or that the court failed to consider his relative culpability in the shooting. The district court rejected the Government's argument that self-defense was not appropriate and adopted the PSR. However, the district court also determined that Santiago and his coconspirators acted recklessly by using the hotel as a base for drug trafficking and possessing numerous firearms to guard the drugs. The district court's consideration of defense counsel's mitigating arguments, its rejection of the Government's arguments, its adoption of the PSR, and its statements at resentencing reflect that it considered Santiago's relative culpability in the shooting. *See id.* Further, the record does not support Santiago's argument that the district court gave significant weight to the sentences imposed on Fernandez and the robbers. *See id.*

Santiago next argues that the district court failed to give significant weight to the correct guidelines range; the need to avoid unwarranted sentencing disparities between him and Jacob; his individual role, personal history, and characteristics; the Guidelines policy concerning youth; and the § 3553(a) sentencing factors. Again, he preserved these arguments. *See Holguin-Hernandez*, 589 U.S. at 174-75. However, the record does not support Santiago's arguments because (1) the district court adopted the correctly revised PSR; (2) Santiago was not similarly situated to Jacob, who pleaded guilty to different offenses; (3) the district court heard defense counsel's mitigating arguments at the resentencing hearing and implicitly considered Santiago's individual role, personal history and characteristics by adopting the revised PSR; (4) a recent amendment to the policy statement in U.S.S.G. § 5H1.1 regarding youthful offenders, was not in effect until after the date of Santiago's resentencing hearing; and (5) the district court

expressly stated at resentencing that it considered the § 3553(a) factors. *See Smith*, 440 F.3d at 707.

Finally, Santiago has not shown that the district court committed a clear error of judgment in balancing the sentencing factors. *See id.* He has also failed to show that the extent of the variance was unwarranted as we have affirmed similar variances. *See, e.g.*, *United States v. Rhine*, 637 F.3d 525, 526, 528-30 (5th Cir. 2011); *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010). In view of the highly deferential standard of review, he has not shown that the sentence was substantively unreasonable. *See Jones*, 75 F.4th at 514; *see also Smith*, 440 F.3d at 708.

AFFIRMED.